Case 2:22-cv-00259-LRS    ECF No. 19    filed 08/06/24    PageID.929    Page 1 of 20

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA M. O.,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>Defendant. | NO: 2:22-CV-00259-LRS<br><br>ORDER REMANDING THE<br>COMMISSIONER'S DECISION |

BEFORE THE COURT are the parties' briefs.[2] ECF Nos. 13, 18. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Mark Bunch. Defendant is represented by Special Assistant

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit.

[2] Plaintiff's opening brief is labeled a Motion for Summary Judgment. ECF No. 13. However, the supplemental rules for Social Security actions under 42 U.S.C. § 405(g) went into effect on December 1, 2022; Rule 5 and Rule 6 state the actions are presented as briefs rather than motions. Fed. R. Civ. P. Supp. Soc. Sec. R. 5, 6.

ORDER - 1

United States Attorney David Burdett.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's brief, ECF No. 13, is granted and Defendant's brief, ECF No. 18, is denied.

**JURISDICTION**

Plaintiff Samantha M. O. (Plaintiff),[3] filed for supplemental security income (SSI) on July 31, 2018, and alleged an onset date of January 1, 2014.  Tr. 258-63.  Benefits were denied initially, Tr. 126-29, and upon reconsideration, Tr. 133-39.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on July 13, 2021.  Tr. 71-99.  On August 4, 2021, the ALJ issued an unfavorable decision, Tr. 19-34, and on September 9, 2022, the Appeals Council denied review.  Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1984 and was 33 years old at the time the application was filed.  Tr. 261.  She graduated from high school.  Tr. 77.  She has training in

---

[3] The Court identifies a plaintiff in a Social Security case only by the first name and last initial in order to protect privacy.  See Local Civil Rule 5.2(c).

ORDER - 2

aesthetics and was a licensed and certified aesthetician.  Tr. 77.  She has work experience in hospitality and retail.  Tr. 81.  She testified she cannot work because she is struggling to stabilize her depression and bipolar disorder with medication.  Tr. 82.  She has mood swings, gets depressed, and sometimes has a hard time getting out of bed.  Tr. 85.  When her medication is working, she does not have much problem managing her household, running errands, and taking care of her children all day.  Tr. 86-87.  She experiences periods when her medication is not working, and she is not able to do much.  Tr. 88.  She cannot run errands and interact with people because she gets moody and frustrated and cries easily.  Tr. 90.  On bad days, she has a hard time focusing.  Tr. 91.  She sometimes has good days for a few weeks or a few months before having two weeks or a month of bad days.  Tr. 93.  Plaintiff testified she has been clean and sober since May 2015.  Tr. 78.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).

ORDER - 3

In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such

ORDER - 4

severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated

ORDER - 5

impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of

ORDER - 6

adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 31, 2018, the application date. Tr. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: polysubstance abuse, bipolar disorder, left median neuropathy in the wrist, mild left ulnar and radial neuropathy, and obesity. Tr. 24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 24.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> [t]he claimant can frequently handle with the left upper extremity. She is limited to no exposure to moving, dangerous machinery or unprotected heights. The claimant is limited to low-stress work, no production pace or conveyor belt work in a predictable work environment with occasional simple workplace changes and brief and

ORDER - 7

superficial contact with the public and coworkers and occasional contact with supervisors.

Tr. 26.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 29. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as housekeeper cleaner, marker, or routing clerk. Tr. 29-30.

Thus, the ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time since July 31, 2018, the date the application was filed. Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 13. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered the medical opinions;

2. Whether the ALJ properly evaluated Plaintiff's symptom testimony;

3. Whether the ALJ properly considered the Listings; and

4. Whether the ALJ properly declined to reopen a prior application.

ECF No. 13 at 7.

## DISCUSSION

ORDER - 8

A.   **Medical Opinions**

Plaintiff contends the ALJ improperly weighed the medical opinions of Lauren Kendall, M.D.; Holly Petaja, Ph.D.; and John Robinson, Ph.D.  ECF No. 13 at 19-20.   For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

In evaluating supportability, the more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2). In evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in

ORDER - 9

the claim, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1)-(2).

　　1. *Holly Petaja, Ph.D.*

Dr. Petaja completed a DSHS Psychological/Psychiatric Evaluation form in August 2018 and diagnosed posttraumatic stress disorder, bipolar disorder, opioid use disorder in sustained remission on agonist therapy, and stimulant use disorder in sustained remission. Tr. 478-86. Dr. Petaja assessed severe limitations in the ability to understand, remember, and persist in tasks by following detailed instructions and in the ability to complete a normal workday and work week without interruptions from psychologically based symptoms, plus marked limitations in three functional areas. Tr. 480.

The ALJ found Dr. Petaja's evaluation is not persuasive because the evaluation was conducted around the time Plaintiff had a positive drug screen. Tr. 28. However, the ALJ did not explicitly or implicitly discuss supportability or consistency. "[U]nder the new regulations, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [it] considered the supportability and consistency factor' in reaching these findings. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. §§ 404.1520c(b), 404.1520c(b)(2)). The ALJ found the August 14, 2018, opinion

ORDER - 10

unpersuasive solely because Plaintiff "was still using drugs at the time of the evaluation." Tr. 28.  Indeed, on August 3, 2918, Plaintiff tested positive for methamphetamine and ecstasy.  Tr. 27 (citing Tr. 451).   Nonetheless, it is not clear how the ALJ considered Plaintiff's positive drug test with regard to supportability or consistency, and Defendant does not specifically address the ALJ's reasoning or lack thereof.  ECF No. 5-7.  Regardless, the overall lack of explanation and analysis is legally insufficient.  An examiner's findings should be as comprehensive and analytical as feasible so that a reviewing court may know the basis for the decision. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981); *see Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (when considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ."). Since this is the only reason given by the ALJ for discounting Dr. Petaja's opinion, the ALJ's consideration of the opinion is legally insufficient.

       2. *Lauren Kendall, MD*

       In September 2019, Dr. Kendall, Plaintiff's primary care provider, completed a Mental Residual Functional Capacity Statement form.  Tr. 614-18.  She listed diagnoses of PTSD, opioid dependence on agonist treatment, bipolar disorder II, severe recurrent major depression, generalized anxiety disorder, and dyssomnia.  Tr.

614. Dr. Kendall opined that Plaintiff's mental functioning precluded work for 15 percent or more of an 8-hour workday in six functional categories, and that work was precluded for 10 percent of the workday in six functional categories. Tr. 615-16. She indicated that Plaintiff experiences memory lapses that impact Plaintiff's ability to work; that Plaintiff would be off task for more than 30 percent of a workday; that she would be unable to complete an 8-hour workday due to her impairments or the need for treatment; and that she would be able to perform a job on a sustained, consistent, useful and routine basis at 60% efficiency. Tr. 616-17. Dr. Kendall opined that "8 [hour] days are likely too long regarding memory and concentration" for Plaintiff to retain a job. Tr. 617.

The ALJ found Dr. Kendall's opinion is not persuasive. Tr. 29. The ALJ found that the limitations assessed are "not supported by nor consistent with treatment records (Exhibit 5F) showing the claimant being mostly stable (Exhibit 6F)." Tr. 29. While the ALJ generally referenced supportability and consistency, the cursory finding and general reference to over 100 pages of medical records is not sufficiently specific. As noted *supra*, the ALJ's findings should be analytical enough that a reviewing court can know the basis for the decision. *Lewin*, 654 F.2d at 635. "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter*, 806 F.3d at 495; *see Reddick*, 157 F.3d at 725.

ORDER - 12

Furthermore, it is not apparent that findings that Plaintiff was "stable" are inconsistent with the limitations assessed by Dr. Kendall. In summarizing the evidence, the ALJ noted a few instances in Dr. Kendall's records where Plaintiff reported her mood was "stable for the most part" (Tr. 530) or "pretty stable," (Tr. 592). Tr. 27. However, the ALJ did not acknowledge that Dr. Kendall frequently assessed Plaintiff's mental status as "anxious" and treatment involved addressing her irregular moods. Tr. 516, 529, 534, 538, 543, 550, 554, 562, 570, 581, 588, 599. Defendant does not specifically address the ALJ's reasoning. ECF No. 5-7. The ALJ did not explain how these two instances of stable mood undermine Dr. Kendall's entire assessment. This finding is insufficiently explained and not supported by substantial evidence. On remand, the ALJ should reconsider Dr. Kendall's opinion and provide legally sufficient findings supported by substantial evidence for the weight assigned to the opinion.

*3. John Robinson, Ph.D.*

Plaintiff argues the opinion of Dr. Robinson, a state agency psychological consultant, should be "less persuasive" based on information outside the record that is irrelevant to this matter. ECF No. 13 at 20. The ALJ found Dr. Robinson's opinion and the opinion of Dan Donahue, Ph.D., another state agency psychological consultant, to be not fully persuasive. Tr. 28. The ALJ's RFC finding is more restrictive than the limitations assessed by Drs. Robinson and Donahue. Tr. 26, 106-08, 119-20. Plaintiff's argument is not developed as to any specific error regarding

ORDER - 13

the ALJ's consideration of the limitations assessed by the state agency psychological consultants, ECF No. 13 at 19-20, and the Court therefore makes no finding in that regard. *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003) (holding the Court will "review only issues with are argued specifically and distinctly.").

**C.    Symptom Testimony**

Plaintiff contends the ALJ failed to properly assess her symptom claims. ECF No. 13 at 17-19. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit

ORDER - 14

the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms and be consistent with and supported by the evidence, which must be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms. Social Security Ruling 16-3p, 2016 WL 1119029, at *9. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific

ORDER - 15

conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

Defendant asserts the ALJ found Plaintiff's symptom complaints were inconsistent with: (1) her activities; and (2) the medical evidence. ECF No. 18 at 10-13. Here, the Court finds the ALJ stated only one reason for rejecting Plaintiff's symptoms claims, which is that they are not consistent with the medical evidence. Tr. 27-28. The Court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

The ALJ discounted Plaintiff's symptom claims because they are "inconsistent because the medical evidence of record does not support a finding that these issues would preclude the claimant from working." Tr. 27. This was the only specific reason given for finding Plaintiff less impaired than alleged. Even if substantial evidence supports this finding, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, the ALJ's reasoning is inadequate.

ORDER - 16

1    Defendant suggests the ALJ also indicated that Plaintiff engaged in activities
2    which undermined her allegations. ECF No. 18 at 12. However, the ALJ did not
3    give this as a reason for rejecting Plaintiff's symptom statements. Tr. 28. The ALJ
4    noted that Plaintiff "testified that she takes care of her kids all day, and she is
5    sometimes short tempered with them." Tr. 28. The ALJ also noted that, "August
6    2019 treatment notes show she was looking for work and had been to several job
7    interviews." Tr. 28. However, the ALJ did not discuss these findings any further
8    and drew no conclusions about Plaintiff's childcare activities or search for work, and
9    this is insufficient to constitute a clear and convincing reason supported by
10   substantial evidence.

11   Furthermore, even if the Court infers that the ALJ intended these statements to
12   constitute a separate reason for rejecting Plaintiff's symptom claims, the mere fact
13   that Plaintiff cares for her children is not an adequately specific conflict with
14   Plaintiff's reported limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir.
15   2017). Similarly, an unsuccessful work attempt is not typically be a factor in
16   considering a claimant's symptom complaints; *see Lingenfelter v. Astrue*, 504 F.3d
17   1028, 1038 (9th Cir. 2007), and it follows that unsuccessful attempts to find work
18   should likewise not reflect on a claimant's credibility. The ALJ did not provide
19   legally sufficient findings for discounting Plaintiff's symptom testimony; therefore,
20   on remand, the ALJ must reconsider Plaintiff's symptom statements.
21   **C.    Prior Claim**

ORDER - 17

Plaintiff contends the ALJ failed to address her request to reopen a prior claim. ECF No. 13 at 7. At the hearing and in Plaintiff's brief to the ALJ, Plaintiff indicated her request to reopen her December 28, 2017, application, which was denied by the Agency on January 24, 2018. ECF No. 13 at 8; Tr. 75, 358. Plaintiff asserts that she "relied on her social worker at DSHS to file an appeal – Request for Hearing in May 2018," and that internal agency rules suggest this is grounds to reopen the prior claim. ECF No. 13 at 8-9.

Under the Social Security Act, an ALJ's denial of a request to reopen a prior determination or decision is not a final decision subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1403(a)(5) ("Denial of a request to reopen a determination or a decision" is "not subject to judicial review."); *Califano v. Sanders*, 430 U.S. 99, 109 (1977). Under the general rule, the Court does not have jurisdiction to review an ALJ's decision not to reopen Plaintiff's prior claim. The general rule applies when the ALJ makes explicit findings and explicitly declines to reopen the prior claim. *See Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985).

Here, however, it appears the ALJ did not make any decision regarding reopening the prior claim. Indeed, at the hearing, the ALJ stated he had read Plaintiff's pre-hearing brief, "but I probably skipped that part [regarding reopening the prior claim] and went down to the part about the merits of . . . the case." Tr. 76. The ALJ acknowledged that a request to reopen the prior claim had been

ORDER - 18

made. Tr. 76. Nonetheless, the ALJ did not make a ruling at the hearing, nor did the ALJ's decision address the request to reopen. Tr. 22-30. On remand, the ALJ should evaluate the request to reopen and make a ruling.

**D.  Step Three – Listing 12.04**

Plaintiff also challenges the ALJ's consideration of Listing 12.04 at step three of the sequential analysis. ECF No. 13 at 10-13. Since this matter is remanded for reconsideration of Plaintiff's symptom statements and the medical opinion evidence, the ALJ should conduct a new sequential evaluation, including reconsideration of the evidence at step three, and ensure that the findings are adequately supported and explained.

**E.    Remedy**

Plaintiff urges the Court to remand for immediate award of benefits. ECF No. 13 at 20. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. See *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

ORDER - 19

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled during the period at issue if the evidence was properly evaluated. Further proceedings are necessary for the ALJ to reconsider the medical opinion evidence and Plaintiff's symptom allegations.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

1. Plaintiff's Brief, **ECF No. 13**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 18**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** August 6, 2024.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 20